UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NO: _____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | |
| vs. ) | COMPLAINT |
| ) | |
| TETRA TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |

The United States of America, by the authority of the Attorney General of the United States, and through the undersigned attorneys, acting at the request of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE CASE

1.  This is a civil action by the United States against Tetra Technologies, Inc. ("Tetra" or "Defendant"), for civil penalties arising from its discharge of a harmful quantity of a hazardous substance into or upon the Mississippi River from a barge, TTI 160, it owned at all times relevant to this Complaint.

2. The complaint is filed pursuant to Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321, and its implementing regulations at 40 C.F.R. Parts 116 and 117.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal question), 1345 (United States as plaintiff), and 1355 (Fine, penalty or forfeiture), and pursuant to the CWA, 33 U.S.C. § 1321(b)(7)(E) (Civil penalties), and (n) (Actions arising under 33 U.S.C. § 1321).

4. Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 123(c)(2) (Tennessee, Shelby County) and 1391(b) (Venue generally), and pursuant to the CWA, 33 U.S.C. § 1321(b)(7)(E) (Civil penalties), because the Defendant is doing business in Shelby County.

## STATUTORY AND REGULATORY FRAMEWORK

5. 33 U.S.C. § 1321(b)(3) prohibits the discharge of hazardous substances into or upon the navigable waters of the United States or adjoining shorelines in such quantities that have been determined may be harmful to the public health or welfare or environment of the United States.

6. Pursuant to its authority under Section 311(b)(2)(A) of the CWA, 33 U.S.C. § 1321(b)(2)(A), the EPA administrator promulgated regulations designating hazardous substances that, when discharged in any quantity, present an imminent and substantial danger to the public health or welfare, including fish, shellfish, wildlife, and public and private property, shorelines and beaches. The regulations that designate such hazardous substances are found at 40 C.F.R. Part 116.

2

7. Pursuant to authority delegated to EPA by the President in Executive Order 11735, which was superseded by Executive Order 12777, EPA promulgated regulations at 40 C.F.R. Part 117 to establish, for purposes of Section 311(b)(3) and (b)(4) of the CWA, 33 U.S.C. § 1321(b)(3) and (b)(4), which discharges of hazardous substances into or upon the navigable waters of the United States are deemed harmful. The regulation provides at 40 C.F.R. § 117.1 that discharges of reportable quantities as set forth in 40 C.F.R. § 117.3 are considered harmful.

8. Zinc bromide is designated as a hazardous substance under 40 C.F.R. § 116.4, and its reportable quantity has been determined as 1,000 pounds under 40 C.F.R. § 117.3.

9. Section 311(b)(7) of the CWA, 33 U.S.C. § 1321(b)(7), provides that any person who is the owner, operator, or person in charge of any vessel, onshore facility, or offshore facility from which a hazardous substance is discharged in violation of 33 U.S.C. § 1321(b)(3) is subject to a civil penalty in an amount up to $25,000 per day or violation or an amount up to $1,000 per unit of reportable quantity of hazardous substances discharged. Pursuant to Public Law 104-134, the amount of civil penalty was increased up to $37,500 per day per violation or $1,100 per unit of reportable quantity of hazardous substances discharged for any violation occurring after January 12, 2009. See 40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

10. Defendant Tetra is a person within the meaning of Section 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

11. Tetra was the "owner" of a "vessel," barge TTI 160, as those terms are defined in Section 311(a)(6) and (a)(3) of the CWA, 33 U.S.C. § 1321(a)(6) and (a)(3), respectively, at all times relevant to this Complaint.

3

12. The Mississippi River is a navigable water as defined in Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and 40 C.F.R. § 116.3, and as that term is used in Section 311 of the CWA.

13. Zinc bromide is designated as a hazardous substance under 40 C.F.R. § 116.4, and its reportable quantity has been determined as 1,000 pounds under 40 C.F.R. § 117.3.

## CLAIM FOR RELIEF

14. The allegations in Paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

15. 33 U.S.C. § 1321(b)(3) prohibits the discharge of hazardous substances into or upon the navigable waters of the United States or adjoining shorelines in such quantities that have been determined may be harmful to the public health or welfare or environment of the United States.

16. On March 11, 2009, Tetra's vessel, barge TTI 160, sunk in the Mississippi River at mile marker 727.4 and discharged 3,002,368 pounds of a substance that contained approximately 1,095,864 pounds of zinc bromide, a hazardous substance under Section 311 of the CWA, as listed under 40 C.F.R. Part 116.4.

17. Defendant Tetra's March 11, 2009 discharge of zinc bromide from its vessel into or upon the Mississippi River exceeded the respective reportable quantity listed under 40 C.F.R § 117.3 and, therefore, was in a quantity that has been determined may be harmful under 40 C.F.R § 117.1, in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

18. Pursuant to Section 311(b)(7) of the CWA, 33 U.S.C. § 1321(b)(7), as amended pursuant to the Debt Collection Improvement Act of 1996, Tetra is subject to civil penalties in an

WHEREFORE, Plaintiff, the United States of America respectfully requests that this Court:

a. Assess civil penalties against Tetra for the violations of the CWA alleged in the claim for relief in this complaint in an amount up to $1,100 for each unit of reportable quantity of the hazardous substance discharged under Section 311(b)(7). *See* 40 C.F.R. § 19.4; and

b. Grant such other further relief as this Court may deem just and proper.

Respectfully submitted,

EDWARD L. STANTON, III
UNITED STATES ATTORNEY


By: /s/Gary A. Vanasek
Gary A. Vanasek (BPR 4675)
Assistant U.S. Attorney
Suite 800
167 N. Main Street
Memphis, TN 38103

Telephone: (901) 544-4231
E-mail: gary.vanasek@usdoj.gov


/s/Ellen M. Mahan
ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice

OF COUNSEL:

BONNIE SAWYER
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street
Atlanta, Georgia 30303
404-562-9539