**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. 2:11-cv-02253 |
| v. | ) ) ) | |
| TETRA TECHNOLOGIES, INC. | ) ) | |
| Defendant. | ) ) | |

**JOINT STIPULATION OF SETTLEMENT**

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint in this matter concurrently with the filing of this Stipulation of Settlement;

WHEREAS, the Complaint alleges Defendant Tetra Technologies, Inc., violated Section 311(b)(3) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(3), at mile marker 727.4 of the Mississippi River by discharging a hazardous substance, zinc bromide, from a vessel it owned, the TTI 160 barge, into the Mississippi River in a quantity that EPA has determined, pursuant to Section 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), to be a harmful quantity.

WHEREAS, the United States and Tetra Technologies, Inc., (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter.

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355; Section 311(b)(7)(E) and 311(n) of the CWA, 33 U.S.C. § 1321(b)(7)(E) and 1321(n); and over the Parties. In addition, 28 U.S.C. § 1391 provides that "[a] corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 and 1395(a); and 311(b)(7)(E) of the CWA, 33 U.S.C. § 1321(b)(7)(E), because Defendant is a corporation registered to do business in the State of Tennessee. For purposes of this Stipulation, or any action to enforce this Stipulation, Tetra Technologies, Inc. consents to the Court's jurisdiction over this Stipulation or any such action and over Tetra Technologies, Inc. and consents to venue in this judicial district.

2. For the purposes of this Stipulation, Tetra Technologies, Inc. agrees that the Complaint states claims upon which relief may be granted pursuant to Section 311(b) of the CWA, 33 U.S.C. § 1321(b), for violations of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

3. Tetra Technologies, Inc. shall pay a civil penalty of $487,000.

4.  The civil penalty as set forth in Paragraph 3 shall be paid to the United States within 30 days after the Court enters this Stipulation by FedWire Electronic Funds Transfer ("EFT") in accordance with written instructions to be provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of Tennessee. At the time of payment, Defendant shall send evidence of the transfer, together with a transmittal letter referencing this Stipulation, the civil action number and DOJ case number, and notating that the payment is for CWA Section 311(b)(7) penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), to:

>   Bonnie Sawyer
>   Associate Regional Counsel
>   Office of Environmental Accountability
>   U.S. EPA, Region 4
>   61 Forsyth Street, S.W.
>   Atlanta, GA 30303

and to:
>   Chief, Environmental Enforcement Section
>   U.S. Department of Justice
>   P.O. Box 7611
>   Washington, D.C. 20044

5.  If any portion of the civil penalty payable to the United States under Paragraph 4 of this Stipulation is not paid when due, the United States may issue a written demand for payment of stipulated penalties under this Paragraph. Tetra Technologies, Inc. shall, within 30 days of receipt of such written demand, pay a stipulated penalty to the United States of $5,000 for each day that Tetra Technologies, Inc.'s civil penalty payment is delayed beyond the date due. Payment of any stipulated penalty to the United States shall be made in the manner set forth

in Paragraph 4. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

6. Tetra Technologies, Inc. shall not deduct any civil or stipulated penalties paid under this Stipulation in calculating its federal or state income tax.

7. All of the foregoing obligations shall apply to and are binding upon Tetra Technologies, Inc. and its successors, and shall not be altered by any change in ownership or corporate status.

8. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to all terms of this Stipulation.

9. Entry of this Stipulation and payment of the penalty stated in Paragraph 3 of this Stipulation shall constitute full and final settlement of the civil claims of the United States alleged in the Complaint against Tetra Technologies, Inc. occurring through the date of filing of this Stipulation.

10. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation, except as expressly stated in Paragraph 9. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under Section 311 of the CWA, 33 U.S.C. § 1321, or any regulations promulgated thereunder, or under other federal, state, or local laws, regulations, or permit conditions, except as expressly stated in Paragraph 9.

11. Tetra Technologies, Inc., neither admits nor denies the allegations of the Complaint and the Joint Stipulation of Settlement.

12. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to Tetra Technologies, Inc., it shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 9.

13. This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further, Tetra Technologies, Inc. shall be liable for attorneys' fees and costs reasonably incurred by the United States to collect any amounts due under this Stipulation.

14. With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, Tetra Technologies, Inc. shall identify on the attached signature page the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that entity with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint. Tetra Technologies, Inc. hereby agrees to accept service of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

15. Except as stated in Paragraph 13 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

16. After payment by Tetra Technologies, Inc. of all monies due under this Stipulation, the United States shall execute and file with this Court a stipulation that the Complaint be dismissed with prejudice.

17. This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation.

AS AGREED AND STIPULATED TO BY THE PARTIES, IT IS SO ORDERED ON THIS 28th DAY OF APRIL, 2011:

        s/Bernice B. Donald
        BERNICE B. DONALD
        UNITED STATES DISTRICT COURT

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. Tetra Technologies, Inc.:

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

> EDWARD L. STANTON, III
> UNITED STATES ATTORNEY

By: /s/Gary A. Vanasek

Gary A. Vanasek (BPR 4675)
Assistant U.S. Attorney
Suite 800
167 N. Main Street
Memphis, TN 38103

Telephone (901) 544-4231
Email: gary.vanasek@usdoj.gov

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

7

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Tetra Technologies, Inc.</u>:

FOR PLAINTIFF THE UNITED STATES OF AMERICA (cont.):

_____
Mary J. Wilkes
Regional Counsel and Director
Office of Environmental Accountability
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. Tetra Technologies, Inc</u>.

FOR DEFENDANT Tetra Technologies, Inc.:

_____
<u>Philip N. Longorio</u>
<u>Senior Vice President</u>
_____


Agent authorized to accept service on behalf of the above-signed party:

_____
_____
_____